909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie D. REED, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2397.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this appeal, Jimmie Dale Reed challenges the determination of an administrative law judge that he is not entitled to benefits under the Social Security Act. 42 U.S.C. Secs. 301 et seq. We affirm the finding that Reed is not disabled, and thus not entitled to benefits under the Act.
 
 
 2
 Reed claims primarily that he is disabled due to lower back pain. Reed has a verbal Intelligence Quotient of 90 and a performance IQ of 75. He has worked as a general laborer and, most recently, as a taxi driver. He was laid of from his position as a taxi driver because he had difficulty carrying packages from the taxi to people's homes. Reed was last insured for purposes of social security disability benefits on December 31, 1984, when he was 40 years old. Reed must show that he was disabled by this date to be eligible for benefits.
 
 
 3
 In a decision on June 20, 1988, the administrative law judge denied benefits to Reed. Reed appealed that decision to the Appeals Council of the Department of Health and Human Services. The Appeals Council remanded the case to the administrative law judge because the June 1988 decision lacked an evaluation of Reed's performance IQ and because it did not sufficiently evaluate Reed's pain.
 
 
 4
 In a new decision on December 13, 1988, the administrative law judge again found that Reed was not disabled. The administrative law judge did not dispute that Reed suffered from some back pain, but found that the pain was not sufficiently severe by December 31, 1984 to prevent him from performing sedentary work. The administrative law judge relied on Reed's performance of house-hold chores and his taking only Tylenol 3 for pain. The administrative law judge found that despite his low IQ Reed could perform sedentary work that did not require the performance of complex, varied tasks. The administrative law judge held that these facts directed a finding that Reed was not disabled under Rule 201.23 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1 (1989).
 
 
 5
 After exhausting his administrative appeals without success, Reed filed suit in district court, challenging the December 1988 denial of benefits by the administrative law judge. On November 1, 1989, the district court affirmed the decision of the administrative law judge. The district court held that substantial evidence supported the decision of the administrative law judge that Reed was not disabled when his insurance expired on December 31, 1984, although he probably became disabled afterward.
 
 
 6
 The decision of an administrative law judge will withstand review if it is supported by substantial evidence in the administrative record. 42 U.S.C. Sec. 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938).
 
 
 7
 We agree with the district court that Reed has failed to show that he was disabled at the end of his eligibility on December 1984. Reed relies primarily on the evidence dating from well after this period, such as the testimony of Dr. Franks. Dr. Franks examined Reed in 1988, over three years after his eligibility for disability benefits expired. The administrative law judge reasonably discounted this evidence when it was measured against the evidence from the relevant period that Reed was not disabled.
 
 
 8
 On May 27, 1983, Dr. Loren Meengs examined Reed and found that his symptoms were largely subjective, despite some loss of reflex on knee jerk tests. Dr. Meengs diagnosed a strained back with some nerve root irritation. Dr. Meengs advised a weight loss program.
 
 
 9
 Dr. Philip Green, a neurologist, examined Reed in July, 1985. Green found that Reed was alert and did not appear to be in acute pain. Dr. Green found some weakness in the lower left extremity. Dr. Green noticed that Reed walked with a limp, but that Reed could walk and that his upper body had no motor weakness. Dr. Green diagnosed hypertension and obesity. A CT scan was taken of Reed's lumbar spine. The CT scan showed some narrowing, but no definite nerve root compromise or disc herniation. An electromyogram showed normal nerve conduction. In September 1985, Dr. Green again examined Reed after Reed fell off a porch. At this time, Dr. Green diagnosed a recent spinal injury.
 
 
 10
 In light of this evidence, the administrative law judge properly used Rule 201.23 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1 (1989), to conclude that Reed was not disabled. Rule 201.23 requires a finding of not disabled where a claimant is under 45 years old, illiterate, has only unskilled work experience, and can do a full range of sedentary work. Id. The administrative law judge properly found that Reed did not fall within the regulatory exception to this rule in 20 C.F.R. Part 404, Subpart P, Appendix 2, Sec. 201.00(h) (1989), because Reed could still perform a full range of sedentary work. Although Reed's health may have suffered before December 31, 1984, substantial evidence supports the administrative law judge's determination that any illness or injury was not sufficiently severe to significantly restrict Reed's ability to perform a wide range of work. See Gaffney v. Bowen, 825 F.2d 98, 102 (6th Cir.1987).
 
 
 11
 Substantial evidence thus supports the denial of benefits by the administrative law judge. The decision of the district court is affirmed.